*1068 OPINION.
Smith:
At the hearing of this proceeding question was raised by the respondent as to the jurisdiction of the Board so far as it related to a deficiency determined for the year ended January 31,1919. The basis for the argument was that the tax had been assessed and that the respondent had not determined a deficiency for the period, within the meaning of the Revenue Act of 1926. In his brief, respondent admits the jurisdiction of the Board to entertain the proceeding for the three years ending January 31, 1919, January 31, 1920, and January 31, 1921.
The pleadings in this case raise three issues, as follows:
(1) Whether the petitioner is entitled to $250,000 in its invested capital for the fiscal years ended January 31, 1919, January 31, 1920, and January 31, 1921, on account of intangible assets acquired at time of incorporation in 1915, for stock;
(2) Whether the reduction in invested capital for 1920 and 1921 has been overstated by the Commissioner on account of the disallowance of at least $250,000 in invested capital for the immediately preceding year;
*1069 (8) Whether the respondent has overstated the deduction for in-admissibles in the amount of $20,331 for the year 1920.
The determination of the first issue will dispose of the second and no further reference will be made thereto. No testimony was taken nor any proof offered relative to the third issue and the respondent’s motion for judgment with respect to that issue is granted.
The petitioner contends that the value of the intangibles paid in to the corporation in exchange for $150,000 par value of its common stock had an actual cash value of at least $400,000. In support of its claim it has submitted a mass of evidence as to the situation which existed with respect to the manufacture of high-grade ball bearings during the period 1912 to the present time. The officers of the company were not desirous of selling the patent rights and getting out of the field of the manufacture of high-grade ball bearings. They were of the opinion that they could make the business a great success. They therefore refused to sell a controlling interest in their common stock in 1916, shortly after the petitioner was incorporated and before it got into production, at a price of $50 per share. At the time they held in excess of 60 per cent of the stock. We are of the opinion that this proves that the intangibles paid in to the corporation for the common stock had a very great value. In addition to all of these proofs of value expert testimony was offered as to the value of the patents. A patent attorney of wide experience in 1927 computed their value on the basis of amounts earned by the Schatz Manufacturing Co. in 1914 and 1915, and the growth of the automobile business as it could reasonably have been foreseen by the end of 1915. He concluded that the value of the patents at that time was between $400,000 and $500,000.
In Nice Ball Bearing Co., 5 B. T. A. 484, 496, we stated:
The value of patents at any given date is, like the value of other property, a question of fact which must be determined upon the evidence.
In the appeals of Dwight & Lloyd Sintering Co., 1 B. T. A. 179; Gamon Meter Co., 1 B. T. A. 1124; and J. J. Gray, Jr., 2 B. T. A. 672, the Board has laid down the rule that in determining the value of patents at any basic date it wcfald take into consideration the history and the volume of profits produced by the use of the patents, the opinion testimony of men experienced in dealings in patents and in the products protected by the patent monopoly and would also consider the subsequent history of such patents, together with the volume of profits produced by their use in business, and upon the basis of such evidence determine the value at the basic date.
From a consideration of all the testimony in this case we are satisfied that the actual cash value of the intangibles paid in to the petitioner corporation in December, 1915, for $750,000 par value of *1070 common stock was at least $250,000, the greatest amount which it can legally include in invested capital.

Judgment will be entered on 15 days’ notice, under Rule 50.

Considered by Trussell, Love, and Littleton.